Grafton,
No. 4787.

GEORGE G. LOUPIS, JR. *v.* JEROLD M. ASHLEY & a.

Argued December 2, 1959.

Decided December 31, 1959.

358

Fred P. Carr and William E. Lovejoy (Mr. Lovejoy orally), for the plaintiff.

Samuel A. Margolis (by brief and orally), for the defendant.

LAMPRON, J. "Except as modified by specific statute it has been the general rule in New Hampshire and in a majority of other jurisdictions that an understanding or agreement between the

chattel mortgagor and mortgagee that the former is free to sell the chattels for his own benefit renders the mortgage void as to creditors." *Haskins* v. *Dube*, 101 N. H. 224, 225; anno. 73 A. L. R. 236. The reason for this rule is that the object of a mortgage is to secure a debt. If the parties to the mortgage could agree between them that the mortgagor could dispose of the mortgaged goods without paying on the mortgage debt this "would furnish the readiest means of affording shelter to an embarrassed debtor, under which he could carry on his business and defy his creditors." *Putnam* v. *Osgood*, 51 N. H. 192, 202.

RSA 360:21 provides that "a personal property mortgage may provide that the mortgagor with the permission of the mortgagee may sell or exchange any of the mortgaged property in accordance with the provisions of the mortgage . . . if the proceeds of such sale or exchange are applied upon the mortgage debt or are used for the purchase of property to be included in the mortgage lien." "Such a sale and such an application of the proceeds has no tendency to hinder, delay, or defraud the unpreferred creditors" which is the evil sought to be prevented by the general rule previously stated. *Wilson* v. *Sullivan*, 58 N. H. 260, 265.

The Court ruled "that the provisions of the mortgage requiring a constant inventory and the use of the proceeds of the sale of the merchandise for the purchase of new merchandise is in substantial compliance with the provisions of RSA 360:21."

The mortgage specifically required that the mortgagor keep and maintain a constant inventory of $3,000 and use the proceeds from the sales of the mortgaged stock to keep said stock goods to the amount of $2,791.

A sales supervisor of the mortgagee was in the store at least once a week to check on its operation. There was evidence that the mortgagor "would try to make payments on the account but would fall behind . . . . He might pay three hundred dollars one week. The next week he would fall behind because he couldn't pay for a load of stuff that was delivered to him in approximately the same amount."

It could be found on this evidence that the provisions of the mortgage together with the actual procedure followed by the parties from its inception to the time of taking possession by the mortgagee complied with the requirements of RSA 360:21. The mortgage was duly recorded (RSA 360:3) and foreclosed in accordance with the requirements of RSA 360:28, 29. The title

obtained by the purchaser, the plaintiff, was therefore superior to the rights of Foster Beef Company under its attachment made subsequent to the recording of the mortgage. The Court's decree enjoining and restraining it from conducting a sale of the fixtures under its levy of execution was proper. *Wilson* v. *Sullivan, supra.*

In view of the result reached it is unnecessary to decide the issue of whether the taking of possession by the mortgagee prior to defendant's attachment gave it priority even if the mortgage were held not to have met the requirements of RSA 360:21.

*Decree affirmed.*

All concurred.